**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-CV-830-LDG (PAL) |
| | ) | |
| $295,897.32 IN UNITED STATES CURRENCY, | ) ) | |
| | ) | |
| Defendant. | | |

<u>DEFAULT JUDGMENT OF FORFEITURE</u>

The United States filed a verified Complaint for Forfeiture in Rem on June 1, 2010.  Docket #1.  The Complaint (#1) alleges the defendant property:

        a.      involved in violations of 31 U.S.C. § 5324 and is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317(c)(2); and

        b.      is traceable to violations of 31 U.S.C. § 5324 and is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317(c)(2).

It appearing that process was fully issued in this action and returned according to law;

On June 15, 2010, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. #3, #4.

Pursuant to the Order (#3), the Complaint (#1), the Order (#3), the Summons and Warrant (#4), and the Notice of Complaint for Forfeiture (#7, p. 2-4, 18-32) were served on the defendant property, and the Notice was published according to law. #13.  All persons interested in the defendant property were required to file their claims with the Clerk of the Court within 30 days of the publication of the Notice or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims.  #3, #4, #7, p.3-4, 28-32, #13.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from June 25, 2010 through July 24, 2010. #13, p. 2-4.

On August 9, 2010, the Notice of Filing Proof of Publication was filed. #13.

On June 17, 2010, the United States Department of the Treasury, Internal Revenue Service, Criminal Investigation ("IRS") served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. #7, p. 2-4, 18-32.

On June 18, 2010, the IRS served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Rita and Joseph Schlageter ("the Schlageters") by regular and certified return receipt mail to Richard Barnett, Counsel for the Schlageters, who requested service on him. #7, p. 5-10, 18-32.

On June 21, 2010, the IRS personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on David Z. Chesnoff, Counsel for the Schlageters. #7, p. 11-13, 18-32.

On June 18, 2010, the IRS served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by regular and certified return receipt mail on Richard M. Barnett, Counsel for the Schlageters. #7, p. 14-32

The Schlageters filed verified Claims on July 8, 2010. #8, #9

1       The Schlageters filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Joseph and Rita Schlageter, and Order, resolving this case and withdrawing their claims. #11. See #11 ¶ 8-9.

      This Court entered the Settlement Agreement (#11) on July 27, 2010. #12.

      No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4)(b) and (5).

      On June 25, 2010, Return on Service of Process was filed. #7.

      On August 25, 2010, the United States filed a Request for Entry of Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. #15.

      On August 26, 2010, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. #16.

      The Schlageters are not in the military service within the purview of the Servicemembers Civil Relief Act.

      The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

      NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action.

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

. . .

. . .

1   IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable
2  cause for the seizure, arrest, and forfeiture of the defendant property.

_____
UNITED STATES DISTRICT JUDGE

DATED: 15 Sept 2010

4